IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| Kenneth B. Thomas, <br><br> Plaintiff, <br><br> v. <br><br> Avant, Web Bank, <br><br> Defendants. | No. 18-cv-06021 |

### DEFENDANT WEBBANK'S RULE 12(b)(5) MOTION TO DISMISS PLAINTIFF'S COMPLAINT

Defendant Web Bank ("WebBank"), respectfully moves to dismiss Plaintiff Kenneth B. Thomas's ("Plaintiff") Complaint as to WebBank on the basis of lack of proper service pursuant to Federal Rule of Civil Procedure 12(b)(5). In support of its Motion, WebBank states:

### FACTUAL BACKGROUND

Plaintiff filed his Complaint on September 4, 2018. (Dkt. No. 1). On October 9, 2018, the Court appointed the U.S. Marshals Service to serve Defendants. (Dkt. No. 8). The Court further ordered that Plaintiff was to complete USM-285 forms for both defendants within thirty days so that the U.S. Marshals Service could effectuate service. (*Id*.). On November 21, 2018, the Court extended the deadline for Plaintiff to return the completed USM-285 forms to the U.S. Marshals Service until December 14, 2018. (Dkt. No. 11).

Thereafter, Plaintiff returned the completed USM-285 forms to the U.S. Marshals Service. (Dkt Nos. 13-14). Plaintiff instructed the U.S. Marshals Service to serve Defendant Avant ("Avant") at 222 N. LaSalle Street, Number 1700, Chicago, Illinois, with special instructions to deliver to Umang Desai, Assistant General Counsel of Avant. (Dkt. No. 13). Similarly, Plaintiff

instructed the U.S. Marshals Service to serve WebBank at 222 N. LaSalle Street, Number 1700, Chicago, Illinois, with special instructions to deliver to Umang Desai, Assistant General Counsel of Avant. (Dkt. No. 14). Consistent with Plaintiff's USM-285 forms, including the incorrect form for WebBank, the U.S. Marshals Service personally served Delphine Risto, an administrative assistant at Avant, with copies of the summons and complaint for both Avant and WebBank on December 14, 2018. (Dkt. Nos. 13-14). Avant, through counsel, made WebBank aware that it had been improperly served with process on WebBank's behalf.

## ARGUMENT

Plaintiff improperly completed the USM-285 form with regard to WebBank and, as a result, WebBank has not been properly served with the summons or complaint in this litigation.

Once a plaintiff files suit in federal court, the plaintiff must ensure that each defendant receives a summons and a copy of the complaint against it. FED. R. CIV. P. 4(b), (c)(1). Generally, "a district court may not exercise personal jurisdiction over a defendant unless the defendant has been properly served with process, and the service requirement is not satisfied merely because the defendant is aware that he has been named in a lawsuit or has received a copy of the summons and the complaint." *United States v. Ligas*, 549 F.3d 497, 500 (7th Cir. 2008). "A defendant may enforce the service of process requirements through a pretrial motion to dismiss," at which point the plaintiff "bears the burden to demonstrate that the district court has jurisdiction over each defendant through effective service." *Cardenas v. City of Chi.*, 646 F.3d 1001, 1004-05 (7th Cir. 2011) (citing FED. R. CIV. P. 12(b)(5)) (other citation omitted). If the Court determines that the plaintiff has not met that burden and lacks good cause for not perfecting service, the Court must

either dismiss the suit or specify a time within which the plaintiff must serve the defendant.[1] FED. R. CIV. P. 4(m); *Cardenas*, 646 F.3d at 1005.

Under Rule 4(h), service upon a corporate entity, such as WebBank, within a United States judicial district may be effectuated pursuant to the law of the forum state or "by delivering a copy of the summons and of the complaint to an officer, a managing or general agent, or any other agent authorized by appointment or by law to receive service of process . . . ." FED. R. CIV. P 4(h)(1). In Illinois, a corporation may be served:

> (1) by leaving a copy of the process with its registered agent or any officer or agent of the corporation found anywhere in the State; or (2) in any other manner now or hereafter permitted by law.

735 ILCS 5/2-204.

Here, Plaintiff attempted to serve WebBank by delivering a copy of the Summons and Complaint to the offices of WebBank's co-defendant Avant. This is not sufficient. As demonstrated in the attached declarations,[2] Avant and WebBank are wholly separate and independent companies. (*See* Declaration of Julian Tippets, attached hereto as Exhibit A ("Ex. A"), ¶ 8). Ms. Risto, an administrative assistant at Avant, is not an officer, managing agent, general agent or registered agent of WebBank. (Ex. A, ¶¶ 9-13; *see also* Declaration of Delphine Risto, attached hereto as Exhibit B ("Ex. B"), ¶¶ 5-9). Ms. Risto is not now, nor has she currently ever been, an employee of WebBank. (Ex. A, ¶ 14; Ex. B, ¶ 11). In short, no employee of Avant, including Delphine Risto, was authorized to accept service of process on behalf of WebBank. (Ex.

---

[1] Should the Court provide Plaintiff with an additional opportunity to properly serve WebBank, WebBank expressly reserves its rights to move to dismiss the Complaint on additional grounds, including but not necessarily limited to arguments arising under Rule 12(b)(6).

[2] In making its determinations on a Rule 12(b)(5) motion, a court may consider declarations and other documentary evidence. *See Zausa v. Pellin*, 2017 U.S. Dist. LEXIS 80978 at *12 (N.D. Ill. May 26, 2017); *Casmir v. Decker*, 2012 U.S. Dist. LEXIS 68423 at *4 (N.D. Ill. May 16, 2012).

A, ¶¶ 15-16; Ex. B, ¶ 11). Moreover, Plaintiff has never served any WebBank employee with process in this matter. (Ex. A, ¶ 17). Thus, because Ms. Risto was not authorized to accept service on behalf of WebBank, Plaintiff has not adequately effectuated service under the federal rules or state law with respect to WebBank. *See Zausa*, 2017 U.S. Dist. LEXIS 80978, at *12-13 (granting motion to dismiss for insufficient service or process where plaintiff attempted to serve a secretary who was not "explicitly authorized" to accept service on behalf of defendants). Moreover, WebBank's knowledge of this litigation does not relieve Plaintiff of his burden to effectuate proper service. *Ligas*, 549 F.3d at 500. Because WebBank has not been served with the summons and complaint, WebBank should be dismissed from this litigation.

WHEREFORE, Defendant WebBank prays that the Court dismiss Plaintiff's Complaint as to WebBank for lack of proper service and any other just and appropriate relief.

          Respectfully submitted,

          WEBBANK

          By:   /s/ Daniel P. Jackson
                 One of Its Attorneys

Chad A. Schiefelbein
Daniel P. Jackson
Madeline V. Tzall
Vedder Price P.C.
222 North LaSalle Street
Chicago, Illinois 60601
T: +1 312 609 7500

Dated: January 3, 2019

## **CERTIFICATE OF SERVICE**

The undersigned hereby certifies that he caused copies of the foregoing **DEFENDANT WEBBANK'S RULE 12(b)(5) MOTION TO DISMISS PLAINTIFF'S COMPLAINT** to be served upon:

Kenneth B. Thomas
6915 S. Merrill
Chicago, Illinois 60649
ken25049@gmail.com

via the Court's CM/ECF system and U.S. Mail on this 3rd day of January, 2019.

                                                s/ Daniel P. Jackson