IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

Kenneth B. Thomas,

        Plaintiff,

v.                                                                    No. 18-cv-06021

Avant, Web Bank,

        Defendants.

**DEFENDANT WEBBANK'S MOTION TO DISMISS
PLAINTIFF'S COMPLAINT**

Pursuant to Federal Rules of Civil Procedure 8 & 12(b)(6), defendant WebBank ("WebBank") hereby moves to dismiss the complaint (Docket Entry 1, the "Complaint") filed by plaintiff Kenneth Thomas ("Thomas") because it fails to adequately state any viable cause of action against WebBank under any of the statutes Thomas cites including (1) the Gramm-Leach Bliley Act ("GLBA"); (2) the Fair Credit Reporting Act ("FCRA"); (3) the Equal Credit Opportunity Act ("ECOA"); (4) the Dodd-Frank Act; (5) the Truth in Lending Act ("TILA"); and (6) "Diversity Jurisdiction."  (Compl. ¶¶ 26-45.)

First, and in dereliction of pleading requirements set forth in Rule 8 of the Federal Rules of Civil Procedure and the abundance of cases interpreting the same, the Complaint is *wholly bereft of any allegations whatsoever against WebBank.*  Excluding the Complaint's introductory paragraph and jurisdiction and venue and parties sections, WebBank is only mentioned four (4) other times in the Complaint, and even then, in name only.  While WebBank is a named defendant in the Complaint, the Complaint makes no attempt to explain what, if anything, that Plaintiff believes WebBank did wrong.  WebBank and this Court are left to guess what it is that Plaintiff

believes WebBank did wrong. Accordingly, the Complaint fails to comply with applicable rules and fails to state any cause of action whatsoever against WebBank. Dismissal is warranted on this basis alone.

Second, and even assuming *arguendo* that the Complaint did contain any modicum of allegations even tending to suggest how Plaintiff believes that WebBank violated the GLBA and/or the Dodd-Frank Act, neither the GLBA nor the Dodd-Frank Act provide a private right of action (against WebBank or any other defendant). As such, Thomas's claims under these statutes (Counts 1 and 4) must be dismissed.

Third, and again assuming *arguendo* that the Complaint attempted to allege WebBank's violations of FCRA and/or TILA, the allegations that are contained in the Complaint make clear that Thomas's FCRA and TILA claims (Counts 2 and 5) are all time-barred, having been brought well after the expiration of the applicable statutes of limitations. 15 U.S.C. § 1681p; 15 U.S.C. § 1640(e). As such, these claims should be dismissed. Moreover, even if Thomas's FCRA and TILA claims were not time-barred, he has failed to adequately state a claim for relief under either statute.

Fourth, Thomas's allegations fail to state a plausible claim for relief against WebBank under the ECOA. Thomas's sensational conclusions about Avant do not and cannot set forth a cognizable claim under the ECOA against WebBank.

WHEREFORE, for the foregoing reasons, as set forth more fully in the accompanying memorandum of law, the Court should enter an order dismissing the Complaint under Rule 8 for failing to comply with pleading requirement and/or under 12(b)(6) for failure to state a claim.

Respectfully submitted,

WEBBANK

By:     /s/ Daniel P. Jackson
          One of Its Attorneys

Chad A. Schiefelbein
Daniel P. Jackson
Madeline V. Tzall
Vedder Price P.C.
222 North LaSalle Street
Chicago, Illinois 60601
T:  +1 312 609 7500

Dated:  March 18, 2019

### <u>CERTIFICATE OF SERVICE</u>

The undersigned hereby certifies that he caused copies of the foregoing **DEFENDANT**

**WEBBANK'S MOTION TO DISMISS PLAINTIFF'S COMPLAINT** to be served upon:

Kenneth B. Thomas
6915 S. Merrill
Chicago, Illinois  60649
ken25049@gmail.com

via the Court's CM/ECF system and U.S. Mail on this 18th day of March, 2019.


s/  Daniel P. Jackson