**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | | |
|---|---|---|
| Kenneth B. Thomas, | ) | |
| | ) | |
| | ) | |
| *Plaintiff*, | ) | No. 1:18-cv-06021 |
| | ) | |
| v. | ) | |
| | ) | Hon. John J. Tharp, Jr. |
| Avant, WebBank, | ) | |
| | ) | Magistrate Judge Young B. Kim |
| | ) | |
| *Defendants*. | ) | |

**AVANT'S MOTION TO DISMISS PLAINTIFF'S FIRST AMENDED COMPLAINT**

Pursuant to Federal Rule of Civil Procedure 12(b)(6), defendant Avant ("Avant") moves to dismiss plaintiff Kenneth B. Thomas's ("Thomas") First Amended Complaint (ECF No. 38, the "First Amended Complaint") because it fails to adequately state a claim under any of the five causes of action he advances, including: (1) a violation of the Equal Credit Opportunity Act ("ECOA"); (2) a violation of the Illinois Personal Information Protection Act ("PIPA"); (3) a violation of the Illinois Consumer Fraud and Deceptive Business Practices Act ("ICFA") and common law fraudulent concealment; (4) negligence; and (5) a violation of the Utah Consumer Sales Practices Act ("UCSPA").

First, Thomas cannot state a plausible claim under the ECOA (Count 1) because his sensational allegations fail to give rise to any plausible inference that discrimination played a role in Avant's denial of his loan application. To the contrary, Thomas's application was denied under Avant's policy against extending credit to its employees, as Thomas acknowledges in the First Amended Complaint.

Second, Thomas fails to state a claim under the PIPA (Count 2) for the independent reasons that the information Thomas alleges to have been disclosed does not qualify for protection under

the PIPA, Thomas suffered no cognizable damages and therefore lacks standing to bring the claim, and Thomas's claim is time-barred.

Third, Thomas fails to state a cause of action for either common law fraudulent concealment or the ICFA (Count 3). Thomas lacks standing to bring an ICFA claim because he has not alleged any actual damages and his claims under both causes of action fail because Thomas has not pleaded facts with the requisite heightened particularity set forth in Rule 9(b).

Fourth, Thomas's negligence claim (Count 4) is time barred by the applicable two year statute of limitations. It also fails because Thomas has not pleaded any of the elements of negligence, including a duty and breach, and his claim is nevertheless barred by the economic loss doctrine.

Fifth, Thomas's claim under the UCSPA (Count 5) fails because a bank loan does not qualify for protection under that statute and Thomas failed to plead the cause of action with sufficient particularity under Rule 9(b).

Contemporaneously with this Motion to Dismiss, Avant filed its supporting Memorandum of Law, which sets forth in greater detail the legal and factual bases on which all five of Thomas's causes of action must be dismissed. This is Thomas's second attempt to plead his case, and he has twice demonstrated that he cannot set forth sufficient facts to plausibly state any claim for relief. Thomas should not be permitted to reinvent his case in a third pleading, and dismissal of the First Amended Complaint should therefore be with prejudice.

WHEREFORE, for the foregoing reasons and the reasons set forth in the accompanying Memorandum of Law, the Court should dismiss with prejudice the First Amended Complaint under Rule 12(b)(6) for failure to state a claim.

2

Respectfully submitted,

AVANT LLC

By:     /s/ Daniel P. Jackson
        One of Its Attorneys

Chad A. Schiefelbein
Daniel P. Jackson
Jonathon P. Reinisch
Vedder Price P.C.
222 North LaSalle Street
Chicago, Illinois 60601
T:  +1 312 609 7500

Dated:  May 13, 2019

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that he caused copies of the foregoing **MOTION TO DISMISS** to be served upon:

Kenneth B. Thomas
6915 S. Merrill
Chicago, Illinois 60649
ken25049@gmail.com

via the Court's CM/ECF system and U.S. Mail on this 13th day of May, 2019.


/s/ Daniel P. Jackson