## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS
## EASTERN DIVISION

| | | |
|---|---|---|
| KENNETH B. THOMAS, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 18 C 06021 |
| | ) | |
| AVANT, WEB BANK, | ) | Judge John J. Tharp, Jr. |
| | ) | |
| Defendants. | ) | |

## ORDER

For the reasons set forth in the Statement below, the defendants' motions to dismiss [73, 74] are granted with prejudice. Judgment will be entered for the defendants.

## STATEMENT

In his first amended complaint (ECF No. 38, "FAC'), *pro se* plaintiff Kenneth Thomas alleged that Defendant WebBank unlawfully denied him a personal loan for which he applied through Defendant Avant's online application platform. The FAC set forth three claims: that WebBank and Avant's approval and subsequent immediate rejection of his loan application was due to racial discrimination, that his former colleagues at Avant mishandled the personal information on his loan application, and that Avant and WebBank fraudulently misrepresented that Avant was initially approved for the loan.

This Court granted the defendants' motions to dismiss the FAC without prejudice. Order, 11/4/2020, ECF No. 64 ("FAC Dismissal Order"). The Court first held that Thomas's FAC lacked any specific allegations that would give rise to a claim against WebBank. As for Thomas's claims against Avant, the Court first held that the complaint contained allegations to support a violation of the Equal Credit Opportunity Act ("ECOA"), which forbids discrimination "with respect to any aspect of a credit transaction . . . on the basis of race." 15 U.S.C. § 1691(a)(1). Thomas alleged that he is African American, that he applied and was rejected for a loan despite his qualifications, and that his experience as a former loan origination specialist employee for Avant revealed similar acts of racially discriminatory loan denials. But, the Court concluded, Thomas pleaded himself out of court by alleging that Avant held a non-discriminatory motive for its denial. Indeed, Thomas's allegations and supporting exhibits demonstrated that Avant followed a policy of denying former employees loans due to conflict-of-interest concerns.

Thomas's privacy violation and fraud allegations also failed to support claims for relief. The Court found that Thomas's claimed injuries of a "a credit score drop, hindered ability to qualify/obtain for credit (loans, credit cards), and time/energy in rectifying personal data being leaked," FAC ¶ 31, inadequately pleaded "loss or actual injury attributable to Avant's alleged misconduct," FAC Dismissal Order at 6. These injuries, this Court found, did not support a claim

for relief under the Illinois Personal Information Protection Act, 815 ILCS 530/1 *et seq.* ("PIPA"), the Illinois Consumer Fraud and Deceptive Business Practices Act, ("ICFA"), 815 ILCS 505/1 *et seq*, and the Utah Consumer Sales Practices Act ("UCSPA"), Utah Code Ann. § 13-11-1 *et seq*. Finally, the Court concluded that Illinois law does not recognize the duties to safeguard personal information to support a negligence theory or a fiduciary relationship between borrower and lender to support a fraudulent concealment theory.

Before the Court is Thomas's second amended complaint. ECF No. 71 ("SAC").[1] The SAC does not cure any of the deficiencies that the Court identified in the FAC Dismissal Order. Instead, the SAC is bereft of any additional factual detail to support any legal theories, copies language from the Court's previous order, and includes irrelevant information about unrelated litigation involving the defendants.

Despite the Court's admonition that "Thomas's [first amended] complaint is devoid of specific factual allegations that would give WebBank 'fair notice of the claims against them' and, more importantly here, 'the grounds supporting the claims,'" Thomas provides even fewer details about WebBank's alleged wrongful conduct in his SAC than in his FAC. FAC Dismissal Order at 3 (quoting *Stanard v. Nygren*, 658 F.3d 792, 797 (7th Cir. 2011)). Beyond the opaque assertion that WebBank is "the true lender of the loan," Thomas does not relate WebBank's conduct to any of his injuries. SAC at 2. Thomas's claims against WebBank are therefore dismissed.

Thomas has also failed to cure his deficient claims against Avant and its employees. To start, his discrimination claims still do not support a violation of ECOA. Curiously absent from Thomas's SAC are the inconvenient facts and supporting exhibits that foreclosed Thomas's ECOA theory in his FAC: that Avant denied Thomas's loan pursuant to its policy of denying loans to former employees. Thomas cannot, however, "simply delete[] any references to previous facts" instead of "contradict[ing]" them to save his claim. *Orgone Cap. III, LLC v. Daubenspeck*, 912 F.3d 1039, 1048 (7th Cir. 2019). "An amended pleading does not operate as a judicial *tabula rasa*," *id.*; the Court can take judicial notice of the facts alleged in Thomas's FAC. Regardless, Thomas's SAC provides even fewer facts than the FAC from which this Court may plausibly infer discrimination. To recount the entirety of Thomas's discrimination allegations: Avant knew of Thomas's ethnicity, and this knowledge led Avant to rescind his loan approval, despite his ostensibly high credit score. Thomas does not allege anything that would render plausible the inference that Avant denied his loan because of his ethnicity, rather than because of his prior employment history with Avant (as he alleged in his FAC). Because Thomas's "allegations give rise to an 'obvious alternative explanation,'" his complaint "stops short of the line between possibility and plausibility of 'entitle[ment] to relief.'" *McCauley v. City of Chicago*, 671 F.3d 611, 616 (7th Cir. 2011) (citations omitted) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 682 (2009); *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 557, 567 (2007)).

---

[1] Notwithstanding the Court's warning that untimely filing would result in dismissal, Thomas filed the SAC on January 19, 2021, four days after the Court's stated deadline. *See* Minute Entry, 11/16/2020, ECF No. 69. Nevertheless, the Court directed the defendants to respond to the SAC (ECF No. 72) and they did so by filing the motions to dismiss under consideration in this order.

As for the remaining shortcomings this Court identified in the FAC, the SAC does not remedy them either. Thomas merely recites the injuries that the Court already found insufficient to support a theory of actual injury under PIPA and ICFA and provides only a sentence fragment in support of his UCSPA theory. Thomas does not identify a duty by Avant to safeguard personal data to support a negligence claim, nor does he explain how Avant concealed any material fact or whether Avant had a duty to disclose anything in support of a fraudulent concealment claim. Far from following the Court's previous suggestion to "clearly, consistently explain . . . the defendants' deceptive act" to meet Rule 9(b)'s heightened pleading standard for fraud claims, FAC Dismissal Order at 8, Thomas simply declares the Avant's internal sharing of his loan application an "act of deception." SAC at 6. That will not save his claims from dismissal. "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal*, 556 U.S. at 678.

Nor will the Court allow Thomas to further supplement his allegations. Thomas has had three opportunities to adequately set forth facts to support a claim against the defendants, and the Court sees no reason to anticipate that a fourth attempt would fare any better. The defendants' motions to dismiss are therefore granted with prejudice. *See Stanard,* 658 F.3d at 800 (district court's dismissal with prejudice was reasonable considering plaintiff's repeated failure to follow court's instructions to correct complaint).

Dated: January 17, 2023

John J. Tharp, Jr.
United States District Judge

3