**FILED**

2/16/2023 **LM**

THOMAS G. BRUTON
CLERK, U.S. DISTRICT COURT

**IN THE UNITED STATES DISTRICT COURT**

**FOR THE NORTHERN DISTRICT OF ILLINOIS**

**EASTERN DIVISION**

| | | |
|---|---|---|
| Kenneth B. Thomas, | ) | |
| | ) | |
| *Plaintiff* | ) | *Case Number:1:18CV06021* |
| | ) | |
| v. | ) | Hon. Judge: John J. Tharp, Jr. |
| | ) | |
| Avant & Web Bank, | ) | |
| | ) | |
| *Defendants* | ) | |

Consolidated Motion for Reconsideration & File Amended Third Complaint Instanter

Pro śe Plaintiff, Kenneth B. Thomas, submits this motion to reconsider the January 17, 2023, order to dismiss with prejudice within the 30-day time period. The order stated the motion lacked sufficient facts and left out detail based on the original complaint. Plaintiff has rectified sufficient facts in the attached third amended complaint and would like a special consultant to Honorable John J. Tharpe to explain the technological processes of Defendant(s) systems.

Plaintiff redacted details in the Second Amended Complaint so it would not confuse the court as he has little experience and faithfully filed a motion for representation in 2018 and 2020. As pro śe, Mr. Thomas didn't understand how to make sufficient pleadings. Based on Rule 60 B (1), the court has the authority to permit relief of the final order for excusable neglect. On January 30, 2023, Mr. Thomas met with the Hibbler pro śe legal aid clinic, to devise more facts to include what the court noted. Prior to meeting with the lawyer, Mr. Thomas didn't understand the court deficiencies found on the January 17, 2023, order.

Rule 60 B (6), Plaintiff didn't understand rules of pleadings or grounds court granted to Defendants motion to dismiss as well as not allowed legal representation by the court. Plaintiff respectfully requests the Court to reconsider and vacate the January 17, 2023, order and leave to file a third amended complaint instanter which cures deficiencies.

<u>THIRD AMENDED COMPLAINT INSTANTER</u>

Plaintiff, [Kenneth B. Thomas], by and through acting as a *pro śe* litigant, brings this action against Defendant(s), [Avant & Web Bank], for violations of the Equal Credit Opportunity Act ("ECOA"), 15 U.S.C. §§ 1691 et seq., breach of privacy, and for breach of contract TILA. This Complaint arises out of Defendant's discriminatory lending practices, including the disparate treatment of African American borrowers, the recall of funds, and the illegal sharing of Plaintiff's loan application for non-business purposes causing damages.

INTRODUCTION

This is an action for relief under the Equal Credit Opportunity Act ("ECOA"), 15 U.S.C. §§ 1691 et seq., Truth and Lending Agreement Act, and for breach of privacy under Privacy Law.

The ECOA prohibits discrimination in credit transactions on the basis of race, among other protected characteristics. 15 U.S.C. § 1691(a).

Defendant violated the ECOA and Plaintiff's right to privacy by allowing its employees to illegally view Plaintiff's loan application for their own pleasure, and by recalling funds from Plaintiff's account after learning that Plaintiff is an African American.

JURISDICTION AND VENUE

This Court has jurisdiction over this action pursuant to 15 U.S.C. § 1691e(f) and 28 U.S.C. §§ 1331 and 1343.

Venue is proper in this District under 15 U.S.C. § 1691e(f) and 28 U.S.C. § 1391(b) because Defendant does business in this District and the events giving rise to the claims occurred in this District.

PARTIES

Plaintiff is listed in a protected class under Equal Credit Opportunity Act, as an African American individual who resides in Chicago, Illinois.

Defendant(s) are lender's, engaged in the business of extending credit, with Avants principal place of business located at 222 N La Salle St #1600, Chicago, IL 60601.

 Web Bank located at 215 S. State St. Suite 1000. Salt Lake City, UT 84111 and licensed to authorize and regulate companies that make consumer installment loans of a principal amount not exceeding $35,000 in Illinois.

FACTUAL ALLEGATIONS

1. On March 23, 2016, Plaintiff applied for an unsecured personal loan from Defendant(s) in the amount of [$9,900]. Plaintiff was previously employed by Defendant Avant that ended on March 21, 2016, and employment contracted through Lasalle Network.

2. At the time of the loan application, Plaintiff and Defendant entered into a signed Truth in Lending Agreement, which governed the terms of the loan. Defendant(s) had no policy in place regarding the eligibility of former employees to apply for personal loans.

3. After Plaintiff submitted the loan application, Defendant(s) approved the loan [59031780] March 24, 2016, and disbursed the funds electronically to Plaintiff based on credit worthiness [FAC Exhibit A].

4. Subsequently upon receipt of Plaintiff's loan application, Defendant Avant discovered that Plaintiff is African American after Originations Manager K.R. escalated the Plaintiffs loan application to her manager of originations, Akesha Miles.

5. Upper management learning of Plaintiff's race they failed to protect and encrypt the application with disregard/protocol, allowing Avant employees illegal access. In turn Avant employees viewed Plaintiff's loan application for their own pleasure passing the application throughout the company for days.

6. Thomas received photographs of his secured credit information and it was shared by Avant employees by text and social media platforms without his permission and breach of Federal & State privacy laws [FAC Exhibit D].

7. After Avant management representative Craig Bennett discovered Plaintiff's race, through an unprecedented overreach for the first time he got involved in the loan process with Defendant Avant; illegally and unjustifiably recalled the loan funds by reaching out to Web Bank (who issues unsecured personal loans to Avant). Prior to Craig Bennett illegally recalling the specific loan, an African American Avant Originations manager Akesha Miles approved the Plaintiff's application per former Avant employees.

8. Defendant's actions were taken on the basis of Plaintiff's race and constituted a violation of the ECOA, which prohibits discrimination in credit transactions on the basis of race, among other protected characteristics.

9. Defendant's allowed lower credit worthiness white counterpart borrowers (some even employed at LaSalle Network) to be approved for loans while denying Plaintiff the same opportunity, in violation of the ECOA's prohibition against discrimination on the basis of race.

10. Additionally, Defendant's employees, without Plaintiff's consent, reviewed Plaintiff's loan application for their own pleasure, thereby violating Plaintiff's right to privacy.

11. Defendant's conduct was intentional, reckless, and/or performed with deliberate indifference to Plaintiff's rights and was carried out with the knowledge and authorization of Defendant's management and/or ownership. Defendants offered a blank Notice of Adverse Action without explanation of the loan application denial to the Plaintiff.

12. Defendant(s) argument to deny Plaintiff credit proceeds was based on a frivolous "employee contract" that was fabricated. See transcript that no document exists. [FAC Exhibit B] and attached Exhibit.

13. Defendant's employees did not have a legitimate business reason for accessing Plaintiff's loan information, and their actions violated Plaintiff's right to privacy.

14. As a direct and proximate result of Defendant's discriminatory and privacy-violating conduct, Plaintiff has suffered injury, including but not limited to [inability to pay rent, credit card debt, credit score drop, and inability to pay monthly car loan].

15. Plaintiff has been damaged in an amount in excess of [+$40,000], exclusive of interest and costs.

## COUNT I VIOLATION OF THE TRUTH IN LENDING ACT

16. Plaintiff incorporates by reference the allegations contained in paragraphs 1, 2, and 3 above.

17. Thomas alleges Avant and WebBank's conduct was fraudulent. He alleges that their initial email congratulating him on securing the requested loan was a misrepresentation in light of their later notice of adverse action, and that the defendants sent the email with the intent to deceive him.

18. Defendants violated the TILA by failing to honor the terms of the contract and TILA Disclosure Statement and by failing to provide Plaintiff with the benefits and services promised.

19. As a result of Defendants' violation of the TILA, Plaintiff is entitled to actual, statutory, and punitive damages, as well as reasonable fees and costs.

## COUNT II VIOLATION OF THE EQUAL CREDIT OPPORTUNITY ACT

20. Plaintiff incorporates by reference the allegations contained in paragraphs 1, 2, 3,4,5, and 6 above.

21. Defendants violated the ECOA by failing to honor the terms of the contract, and by failing to provide Plaintiff with the benefits and services promised.

22. As a result of Defendants' violation of the ECOA, Plaintiff is entitled to actual, statutory, and punitive damages, as well as reasonable fees and costs.

## PRAYER FOR RELIEF

Based on the above allegations, Plaintiff realleges and incorporates by reference all preceding paragraphs as though fully set forth herein.

23. Defendant has violated the ECOA by engaging in discriminatory lending practices on the basis of race, in violation of 15 U.S.C. § 1691(a)(1).

24. Defendant has also breached the terms of the Agreement by recalling the funds advanced to Plaintiff, in violation of signed contract law.

25. As a direct and proximate result of Defendant's violations of the ECOA and breach of contract, Plaintiff has suffered injury and damage, including but not limited to [inability to pay credit card debt, credit score drop, and inability to pay monthly car loan.

26. Defendant has also breached Plaintiff's right to privacy by sharing Plaintiff's confidential loan information for non-business purposes, in violation of privacy law.

27. Plaintiff therefore respectfully requests that this Court enter judgment in its favor, and against Defendant, as follows:

a. Declaring that Defendant's lending practices, as described above, violate the ECOA and breach the Agreement;

b. Enjoining Defendant from engaging in such discriminatory lending practices in the future;

c. Awarding Plaintiff damages for the injury and damage suffered as a result of Defendant's discriminatory lending practices and breach of contract, in an amount to be proven at trial;

d. Awarding Plaintiff costs and disbursements incurred in this action, including reasonable presumptive fees; and

e. Granting such other and further relief as the Court deems just and proper

JURY DEMAND

Plaintiff demands a trial by jury on all issues so triable.

Dated: [2/16/2023]

Kenneth B. Thomas

Pro Se

Exhibit

 Gmail                                    Ken Thomas <~~ken25040@gmail.com~~>

---

## Avant contracts

---

**Kristin ~~Dozier~~** <~~kdozier@lasallenetwork.com~~>              Thu, Dec 21, 2017 at 2:24 PM
To: Ken ~~Thomas~~ <~~...~~>, "~~toilfirm_~~" <~~...@toilfirms.com~~>

.

Hi Ken!

It's good to hear from you!

We don't have candidates sign contracts but we do have a Code of Conduct. Is that what you are referring to?

**Kristin ~~Kania-Dozier~~**
Senior Account Manager
p. 312.419.~~....~~x1755 | f. 312.~~...-...~~